UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ABDI H. ABDI,                    )
                                 )
        Plaintiff                )
                                 )
v.                               )       No. 2:10-cv-89-GZS
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
        Defendant                )


# REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the fact that the Decision Review Board did not review his case within the time allowed by regulation deprived him of due process of law,[2] that the administrative law judge improperly evaluated his credibility, that the administrative law judge failed to include all limitations of his impairments in her hypothetical question to the vocational expert, and that the hypothetical question was inconsistent with the administrative law judge's own findings about the plaintiff's limitations. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from the residual

---

[1] This action is properly brought under 42 U.S.C.§ 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 15, 2010, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

[2] At oral argument, the plaintiff's attorney waived this argument, and I will not consider it further.

1

effects of a traumatic brain injury, depression, and a substance abuse disorder, impairments that were severe but which, considered individually or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 15-16; that he retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, allowing for unskilled, routine, repetitive tasks with continuity of tasks from day to day with only minor changes in the workplace, and within this level could sustain pace, attention, concentration, persistence, and focus, with no interaction with the public and no exposure to unprotected heights or dangerous machinery, Finding 5, *id.* at 18; that he was unable to perform any past relevant work, Finding 6, *id.* at 22; that, given his age (49 on the alleged date of onset of disability, October 1, 2007), at least a high school education, work experience, and RFC, there were jobs in significant numbers in the national economy that he could perform, including bakery conveyor worker, inspector of miscellaneous fabricated wood products, linen supply load builder, and hand band paper goods, Findings 7-10, *id.* at 23; and that, therefore, the plaintiff had not been under a disability as that term is defined in the Social Security Act at any time from the alleged date of onset through the date of the decision, September 21, 2009, Finding 11, *id.* at 24. The Decision Review Board did not complete its review of the decision within the time allowed, *id.* at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(b); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review herein is whether the commissioner's determination is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support

the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

### A. Credibility

The plaintiff asserts that the administrative law judge "used improper reasoning to find the claimant's allegation 'not entirely credible.'" Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 11-1) at 2. To the extent that I understand the plaintiff's one-paragraph presentation of this issue, he contends that the administrative law judge demonstrates an impermissible prejudice against the plaintiff by mentioning certain actions by the plaintiff as "disincentives to seeking out, obtaining and maintaining work." *Id*. He cites no authority in support of this argument.

First, these statements by the administrative law judge were far from the only reasons she gave for discounting the plaintiff's credibility. She mentioned "the absence of treatment for [certain symptoms] relative to the alleged onset date supports [that they] cause[] no more than mild work-related functional limitations[;]" that the plaintiff's and his sister's testimony "concerning the intensity, persistence and limiting effects of these symptoms are not entirely

3

credible to the extent they are inconsistent with the above residual functional capacity assessment and unsupported by the record as a whole[;]" "inconsistencies in his statements and the evidence[,]" Record at 19; and other specific inconsistencies between the record and the plaintiff's testimony, *id*. at 19-22. The statements to which the plaintiff objects are presented in one paragraph in over three pages of discussion of the plaintiff's credibility that appear in the opinion.

In addition, the presence of such statements in an administrative law judge's opinion does not provide grounds for remand. The first reference to the plaintiff's pursuit of unemployment benefit is to point out that application for and receipt of such benefits requires a claimant to hold himself out as ready, willing, and able to work, which is inconsistent with an application for Social Security benefits based on an alleged inability to work. *Id*. at 21. There is no "prejudice" to the plaintiff in the statement of such a fact.

Even if the administrative law judge's characterization of the plaintiff's application for unemployment benefits, pursuit of a litigation settlement, and application for Social Security benefits as "economic disincentives" to seeking work could reasonably be construed as "merely speculative, prejudicial . . . and irrational," as the plaintiff contends, Itemized Statement at 2, they do not rise to the level of sufficient bias to require remand. There is a presumption that an administrative law judge acts impartially that "can be overcome only with convincing evidence that a risk of actual bias or prejudgment is present." *Bickford v. Barnhart*, No. 05-236-P-S, 2006 WL 2822391, at *5 (D. Me. Sept. 29, 2006) (rejecting plaintiff's contention that she was entitled to remand because administrative law judge had insinuated that she had traded sexual favors for drugs, disbelieved her testimony concerning the price of drugs, stated "[Q]uite frankly[,] I don't

credible to the extent they are inconsistent with the above residual functional capacity assessment and unsupported by the record as a whole[;]" "inconsistencies in his statements and the evidence[,]" Record at 19; and other specific inconsistencies between the record and the plaintiff's testimony, *id*. at 19-22. The statements to which the plaintiff objects are presented in one paragraph in over three pages of discussion of the plaintiff's credibility that appear in the opinion.

In addition, the presence of such statements in an administrative law judge's opinion does not provide grounds for remand. The first reference to the plaintiff's pursuit of unemployment benefit is to point out that application for and receipt of such benefits requires a claimant to hold himself out as ready, willing, and able to work, which is inconsistent with an application for Social Security benefits based on an alleged inability to work. *Id*. at 21. There is no "prejudice" to the plaintiff in the statement of such a fact.

Even if the administrative law judge's characterization of the plaintiff's application for unemployment benefits, pursuit of a litigation settlement, and application for Social Security benefits as "economic disincentives" to seeking work could reasonably be construed as "merely speculative, prejudicial . . . and irrational," as the plaintiff contends, Itemized Statement at 2, they do not rise to the level of sufficient bias to require remand. There is a presumption that an administrative law judge acts impartially that "can be overcome only with convincing evidence that a risk of actual bias or prejudgment is present." *Bickford v. Barnhart*, No. 05-236-P-S, 2006 WL 2822391, at *5 (D. Me. Sept. 29, 2006) (rejecting plaintiff's contention that she was entitled to remand because administrative law judge had insinuated that she had traded sexual favors for drugs, disbelieved her testimony concerning the price of drugs, stated "[Q]uite frankly[,] I don't

credible to the extent they are inconsistent with the above residual functional capacity assessment and unsupported by the record as a whole[;]" "inconsistencies in his statements and the evidence[,]" Record at 19; and other specific inconsistencies between the record and the plaintiff's testimony, *id*. at 19-22. The statements to which the plaintiff objects are presented in one paragraph in over three pages of discussion of the plaintiff's credibility that appear in the opinion.

In addition, the presence of such statements in an administrative law judge's opinion does not provide grounds for remand. The first reference to the plaintiff's pursuit of unemployment benefit is to point out that application for and receipt of such benefits requires a claimant to hold himself out as ready, willing, and able to work, which is inconsistent with an application for Social Security benefits based on an alleged inability to work. *Id*. at 21. There is no "prejudice" to the plaintiff in the statement of such a fact.

Even if the administrative law judge's characterization of the plaintiff's application for unemployment benefits, pursuit of a litigation settlement, and application for Social Security benefits as "economic disincentives" to seeking work could reasonably be construed as "merely speculative, prejudicial . . . and irrational," as the plaintiff contends, Itemized Statement at 2, they do not rise to the level of sufficient bias to require remand. There is a presumption that an administrative law judge acts impartially that "can be overcome only with convincing evidence that a risk of actual bias or prejudgment is present." *Bickford v. Barnhart*, No. 05-236-P-S, 2006 WL 2822391, at *5 (D. Me. Sept. 29, 2006) (rejecting plaintiff's contention that she was entitled to remand because administrative law judge had insinuated that she had traded sexual favors for drugs, disbelieved her testimony concerning the price of drugs, stated "[Q]uite frankly[,] I don't

believe you[,]" and provided only a cursory analysis of her credibility); *Cranmer v. Astrue*, No. 07-99-P-S, 2008 WL 648964, at *5-*6 (D. Me. Mar. 5, 2008).

The plaintiff has not demonstrated an entitlement to remand on this basis.

## B. Hypothetical Question, Part 1

The plaintiff next contends that he is entitled to remand because "[s]ubstantial evidence fails to support the validity of the hypothetical [question] the ALJ provided to the vocational expert." Itemized Statement at 3. Specifically, however, the plaintiff asserts only that the administrative law judge was required to rely on the vocational expert's response to a particular hypothetical question that included all of the limitations from which he alleged that he suffered, rather than the hypothetical question that included the limitations which the administrative law judge found to exist. *Id*. at 3-4. That is not at all an attack on the question itself.

The actual argument presented in this portion of the plaintiff's itemized statement is that the administrative law judge was required to find him disabled by "assess[ing] the impact of [his] documented cognitive deficits[,]" which he apparently believes would require her to conclude that he suffered from a limitation "to a level of . . . unpredictability and being unreliable in terms of either remembering tasks, or remembering how to carry out tasks, or remembering the functions of tasks," which the vocational expert testified would "render the claimant unemployable." *Id*. at 3.[3] He bases this argument on "the neuropsychological testing in Exhibit 31F" and the Neuropsychological Consultation Report that "placed him in the less than 1st percentile category" of memory function, *id*. at 3-4 (emphasis omitted).

Exhibit 31F consists of records from Maine Medical Center, none of which reports neuropsychological testing. Record at 681-85. The apparent reference is to the June 2006

---

[3] This argument, presented in paragraph 3 of the plaintiff's Itemized Statement, appears to me to be identical to that presented in Paragraph 6, Itemized Statement at 4, and, therefore, I will consider them together at this point in my recommended decision.

5

neuropsychological testing discussed by the administrative law judge. *Compare* Itemized Statement at 3-4 *with* Record at 20. If the intended reference of both is to Exhibit 35F, a report of a neuropsychological consultation that took place on June 12, 2006, Record at 712-16, the consultant characterized the consultation as "limited," *id*. at 715, and recommended further psychiatric and neurorehabilitation services. *Id*. at 716. She did note that fatigue may have "negatively impacted test results," *id.* at 714, but did not indicate what work-related limitations, if any, would correspond to her findings.

The administrative law judge discounted the findings from "the June 2006 neuropsychological testing" because it was "performed prior to the claimant's demonstrated ability to work above the substantial gainful activity level for at least 1.5 years." Record at 20. The plaintiff contends that, in making this judgment, the administrative law judge "ignored that he was fired from these jobs later because of cognitive dysfunction." Itemized Statement at 3. But, the administrative law judge did not ignore this factual assertion by the plaintiff. To the contrary, she stated that the plaintiff "asserts he was fired and his sister stated she only knows he was fired because the claimant told her so." Record at 20. The administrative law judge was entitled to reject this testimony based on her evaluation of the plaintiff's credibility and, even more, because of the length of time after the testing that the plaintiff remained employed.

The plaintiff argues that four of the consultant's findings were not "adequately considered" by the administrative law judge: that he was "in the less than 1st percentile category" as to memory function, that his "visual constructional processing [was] in the 2nd percentile," that "he was also in the less than 1st percentile with respect to recognition memory," and "with respect to his ability to retain information originally learned at a less than 1st

percentile, his capacity was for only 4% retention of the meager amount learned." Itemized Statement at 4.

Assuming that all four of these statements correctly characterize the consultant's findings, the plaintiff's argument, in essence, is that the administrative law judge was required in this case to do what an administrative law judge must never do: interpret raw medical evidence. *See Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990). As I noted previously, the consultant did not draw any conclusions about work-related limitations caused by her findings, nor, so far as the plaintiff has been able to suggest, has any other medical expert done so. Such connections are not a matter of mere common sense. In addition, as counsel for the commissioner pointed out at oral argument, the findings at issue were made 18 months before the plaintiff's alleged date of onset of disability, lessening their value as evidence of possible disability after that date.

The plaintiff is not entitled to remand on this basis.

### C. The Plaintiff's Testimony

The plaintiff's next statement of error, in its entirety, provides:

> The ALJ should have considered that the obvious inconsistencies and gaps in Mr. Abdi's testimony may have not resulted from a lack of credibility so much as from a lack of cognitive ability.

Itemized Statement at 4. This cursory assertion, unaccompanied by any citation to authority or to the record for appropriate medical source support, is not adequate to present an issue for this court's consideration. *See Gray v. Barnhart*, No. 04-207-B-W, 2005 WL 1923523, at *7 (D. Me. Aug. 9, 2005).

### D. Other Medical Evidence

The plaintiff next alleges, in full:

7

> The ALJ failed to consider other medical evidence of record also demonstrating that the claimant had diminished cognitive functioning, depression, a lack of coping skills, and inability to adequately manage stress, and a decline in overall activities of daily living. Doc 9-8, p25; Doc 9-9, p2.

*Id.* Again, it is not the role of the court to attempt to discern what the plaintiff intends to argue, nor how success in his argument will necessarily require remand of this case. That is what the court would have to do in order to order remand on the basis of this claim.[4] *See, e.g., Gregoire v. Astrue*, Civil No. 09-246-B-W, 2010 WL 1946302, at *3 (D. Me. May 12, 2010).

### E. Hypothetical Question, Part 2

The plaintiff's final challenge is to the hypothetical question posed to the vocational expert by the administrative law judge as "inconsistent with her own findings." Itemized Statement at 5-6. He contends that the hypothetical question that generated the response on which the administrative law judge relied does not "account for her conclusions concerning the severity of the claimant's cognitive disorder nor do they account for her findings of 3 moderate limitations in the B criteria." *Id.*

The hypothetical question apparently at issue is the following:

> For my first hypothetical question, I'd like you to consider an individual who, at alleged onset date in October of 2007, was a younger individual; and since then, has become a person closely approaching advanced age; with a high school plus education attained in a foreign country; who, I'll start off initially, who could perform routine, repetitive, unskilled tasks, with the continuity of tasks from day to day being routine, repetitive, with no more than minor changes, and within that context, the individual would be able to sustain focus, concentration, attention, persistence, and pace.
> * * *
> Basically, I was just saying that with the context of the routine, repetitive, unskilled tasks with continuity of tasks from day to day, that within that context, the person could maintain attention, concentration . .

---

[4] I do note that page 25 of Document 9-8 does not support the assertions made in this paragraph of the itemized statement, Record at 364, and that page 2 of Document 9-9 is an admission form from BaySide NeuroRehabilitation Services dated September 7, 2007, Record at 434, before the alleged date of onset, October 1, 2007, *id.* at 13.

>. persistence, pace, and focus. And no work at unprotected heights and with dangerous machinery.

Record at 67-68.

This question is virtually identical to the administrative law judge's finding of the plaintiff's RFC. *Id.* at 18. Accordingly, the plaintiff's argument is apparently not with any inconsistency between the administrative law judge's conclusion as to RFC and her hypothetical question to the vocational expert, but rather to perceived differences between the narrative portion of the administrative law judge's opinion and her RFC conclusion.

The plaintiff asserts that the administrative law judge's hypothetical question, and, therefore, the RFC, was inconsistent with her findings that the plaintiff suffered from residual effects of a traumatic brain injury, depression, and substance abuse disorder,[5] that he had a moderate restriction with respect to the activities of daily living, a moderate restriction in his social functioning, and a moderate difficulty with concentration, persistence, or pace. Itemized Statement at 5. The administrative law judge obviously concluded that these findings were not inconsistent.

Contrary to the plaintiff's assumption, evidenced by his citation to page 16 of the administrative record, Itemized Statement at 5, the mere finding that a particular impairment is severe at Step 2 does not automatically correlate to any limitations on work-related activities found to exist at Step 4. The plaintiff also cites page 18 of the administrative record, *id.*, but the conclusions that he lists are actually found on page 17, where the administrative law judge adequately explained how her findings that the plaintiff had moderate restriction in activities of daily living, social functioning, and concentration, persistence or pace, were considered for

---

[5] Substance abuse no longer provides a basis for an award of Social Security benefits. In fact, an administrative law judge must determine whether or not the claimant is entitled to benefits independent of abuse of drugs or alcohol. 20 C.F.R. §§ 404.1535(a), 416.935(a). That is apparently what the administrative law judge did in this case.

9

purposes of the Step 3 analysis regarding whether any of the severe impairments found to exist met the level of a Listing. She specifically noted that these limitations were not an RFC assessment, and that her subsequent RFC assessment "reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis" for purposes of the Listing analysis. Record at 18.

Even if the plaintiff had cited authority for the proposition that the 'paragraph B' analysis at Step 3 must also be used at Step 4 for purposes of determining the applicant's RFC, which he does not, he would not be entitled to remand on this basis, because the administrative law judge in this case went on to explain, in a "more detailed assessment," *id*., why she reached the RFC that she assigned to the defendant, *id*. at 18-22. If there were any inconsistency between the administrative law judge's findings for purposes of the paragraph B analysis at Step 3 and the RFC she assigned at Step 4, it is adequately explained in the five pages of text that present her Step 4 analysis.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of December, 2010.

                                               <u>/s/ John H. Rich III</u>
                                               John H. Rich III
                                               United States Magistrate Judge